IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DEBI L. RAINEY                                                                                        PLAINTIFF

vs.                                  Civil No. 1:08-cv-01067

MICHAEL J. ASTRUE                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Debi Rainey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for DIB and SSI on November 15, 2004. (Tr. 60-64). Plaintiff alleged she was disabled due to degenerative disc disease, arm and leg numbness, neck and back pain, and depression. (Tr. 68, 89-90, 116). These applications were initially denied on February 2, 2005 and were denied again on reconsideration on May 19, 2005. (Tr. 43-49). On July 22, 2005,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on her applications.  (Tr. 35).  The hearing was held on August 17, 2006 in El Dorado, Arkansas.  (Tr. 302-338).  Plaintiff was present, but was not represented by counsel at this hearing.  *See id.*  Plaintiff, Plaintiff's witness Amanda Hammond and Vocational Expert ("VE") Tyra Watts testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education and two years of college.  (Tr. 311).

On January 29, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI.  (Tr. 16-26).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 7, 2004, her alleged onset date.  (Tr. 24, Finding 2).  The ALJ determined Plaintiff had the severe impairments of degenerative disc disease of the lumbar and cervical spine, moderate right median neuropathy at the wrist, osteoarthritis of the neck, and minor depression.  (Tr. 25, Finding 3).  The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 25, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 20-22, Findings 4-5).  The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and 20 C.F.R. § 404.929.  (Tr. 20-22).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC.  (Tr. 17-20, Findings 5).  Specifically, the ALJ determined Plaintiff retained the RFC to lift up to twenty pounds and frequently lift up to ten pounds; stand or walk with normal

breaks for about six hours in an eight-hour workday; sit with normal breaks for about six hours in an eight-hour workday; occasionally perform overhead reaching; limitations in pushing and pulling with arm controls because of carpal tunnel symptoms; and no mental limitations.  (Tr. 25, Finding 5).

The ALJ then determined Plaintiff would be unable to perform her Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy.  (Tr. 25, Findings 6, 11).  Plaintiff and the VE testified at the administrative hearing regarding this issue.  (Tr. 312-315, 329-334).  Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a daycare van driver, waitress and plant nursery worker.  (Tr. 25).  The ALJ determined, considering her RFC, that Plaintiff would be unable to perform this PRW.  (Tr. 25, Finding 6).

However, the ALJ also determined Plaintiff would be able to perform other work existing in significant numbers in the national economy.  (Tr. 25, Finding 11).  Specifically, the VE testified Plaintiff would be able to perform work as a general clerk with approximately 25,000 such jobs in Arkansas and 3,000,000 such jobs in the nation, information clerk with approximately 5,600 such jobs in Arkansas and 980,000 such jobs in the nation, and fingerprint clerk with approximately 25,000 such jobs in Arkansas and 2,500,000 such jobs in the nation.  (Tr. 332-333).  Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act,  through the date of the ALJ's decision or through January 29, 2007.  (Tr. 26, Finding 12).

On March 8, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 9-12).  *See* 20 C.F.R. § 404.984(b)(2).  On June 23, 2008, the Appeals Council declined to review this determination.  (Tr. 4-6).  On August 19, 2008, Plaintiff appealed the ALJ's

decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 25, 2008. (Doc. No. 4).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his evaluation of Plaintiff's subjective complaints; (B) the ALJ failed to understand the medical evidence; (C) the ALJ asked an improper hypothetical to the VE; and (D) the ALJ gave improper treatment to the testimony of Plaintiff's witness. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) the ALJ properly considered Plaintiff's medical evidence; (C) the ALJ posed a proper hypothetical question to the VE; and (D) the ALJ properly considered Plaintiff's lay witness testimony.

### A. Credibility Determination

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*. Defendant further states the ALJ found Plaintiff not fully credible based on the lack of objective medical findings, Plaintiff's noncompliance with treatment, the lack of functional restriction from doctors, conservative medical treatment, and poor work record.

In the present action, the ALJ evaluated the *Polaski* factors in his opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons. (Tr. 20-22). Specifically, the ALJ evaluated the nature, location, onset, duration, frequency, radiation, and intensity of Plaintiff's pain; the precipitating and aggravating factors for her pain; the type, dosage, effectiveness and any alleged adverse side effects of her pain medication; her treatment for pain other than medication; her functional restrictions; and her restrictions on daily living. (Tr. 20-22).

After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1) Plaintiff's daily activities are inconsistent with her alleged level of pain; (2) there was no evidence any health care provider restricted Plaintiff's activities as alleged; (3) Plaintiff had a poor work

7

record; (4) the medical findings are not consistent with the disabling level of pain claimed by the Plaintiff; (5) no indication of any significant and adverse reactions to medications; and (6) Plaintiff's failure to seek more frequent and substantive treatment is inconsistent with complaints of disabling pain  (Tr. 20-22).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed.  *See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. Review of Plaintiff's Medical

Plaintiff argues the ALJ ignored Plaintiff's fibromyalgia.  (Doc. No. 6, Pg. 14).  Defendant argues the ALJ properly discussed and reviewed Plaintiff's medical including Plaintiff's allegation of fibromyalgia.  (Doc. No. 7, Pg.10-11).

The ALJ discussed Plaintiff's fibromyalgia but determined it was not as limiting as alleged by Plaintiff.  (Tr. 19, 21).  The ALJ discussed Plaintiff's examination by Dr. Jennifer McCallum on June 28, 2006.  (Tr. 19).  Dr. McCallum diagnosed Plaintiff with probable fibromyalgia syndrome and prescribed Flexeril and Naproxen.  (Tr. 233).  However, the exam showed Plaintiff had a full range of motion in her neck with tenderness on full extension; full range of motion in her shoulders, elbows, wrists; and good hand grip.  (Tr. 232-233).  Plaintiff also had 5/5 motor strength.  (Tr. 233). Dr. McCallum also noted Plaintiff walked 2.8 miles two to three times a week.  (Tr. 232).

The ALJ also discussed Plaintiff's examination by Dr. Eleanor Lipsmeyer.  (Tr. 19).  Dr Lipsmeyer saw Plaintiff on consultation on June 28, 2006.  (Tr. 225-226).  Dr. Lipsmeyer diagnosed Plaintiff with  fibromyalgia.  (Tr. 226).  Dr. Lipsmeyer found Plaintiff had a full range of motion in

her neck, all the joints, and good hand grip. (Tr. 225). Dr. Lipsmeyer diagnosed Plaintiff with degenerative joint disease of the cervical and lumbosacral spine, and secondary fibromyalgia syndrome. (Tr. 226). Dr. Lipsmeyer ordered a MRI scan of the cervical spine which showed only mild C4-5 and C5-6 degenerative disc and uncovertebral joint disease, but no disc herniation and no evidence of canal stenosis. (Tr. 223). The MRI scan of the lumbar spine showed stable L5-S1 central disc protrusion without stenosis and facet degenerative changes at L3-4, L4-5, and L5-S1 levels. (Tr. 224). Dr. Lipsmeyer prescribed Flexeril and Naprosyn for relief of Plaintiff's arthritis symptoms. (Tr. 226). Dr. Lipsmeyer also indicated Plaintiff did not need to return for any further treatment. (Tr. 226). The ALJ properly considered the Plaintiff's medical evidence and did not ignore Plaintiff's claim of disabling fibromyalgia.

### C. Hypothetical Question

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments, namely the effects of fibromyalgia, severe pain, and significant medication, and as such, was an improper hypothetical. The Defendant asserts the ALJ's hypothetical question was proper and included all of the credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC for a wide range of light work activity. (Tr. 25, Finding No. 7). In response to a hypothetical question containing various limitations, the VE testified Plaintiff was capable of performing other work existing in significant numbers in the national economy. (Tr. 332-333). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 26).

Plaintiff argues the hypothetical asked of the VE should have included Plaintiff's subjective complaints of pain. However, as stated above, the ALJ considered Plaintiff's subjective complaints of pain in formulating Plaintiff's RFC and found them not fully credible. (Tr. 25).

The ALJ also considered Plaintiff's fibromyalgia and found it was not as limiting as alleged. (Tr. 21). The ALJ noted Plaintiff was diagnosed with probable fibromyalgia in June of 2006, but subsequent exams showed Plaintiff was in no acute distress, calm, and alert. The ALJ found an absence of objective medical to support Plaintiff's allegation. (Tr. 21).

Finally, the ALJ discussed the effect of Plaintiff's medications. The ALJ discussed Plaintiff's use of Flexeril and Prozac, and found there was no indication Plaintiff suffered any significant or adverse side effects from medication. (Tr. 21).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated Plaintiff was capable of performing work existing in significant numbers in the national economy. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**D. Lay Witness Testimony**

Plaintiff argues the ALJ failed to properly consider the testimony of Plaintiff's friend, Amanda Hammond. (Doc. No. 6, Pg. 17-18). Plaintiff fails to direct the Court to which portions of Ms. Hammond's testimony that were not properly considered by the ALJ. The Defendant argues the ALJ properly considered the testimony of Ms. Hammond in finding Plaintiff not disabled. (Doc. No. 7, Pg. 9). In his decision, the ALJ stated he considered the testimony of Ms. Hammond but found it unpersuasive, based on the witness's desire to see Plaintiff obtain benefits and on the witness's uncritical acceptance of Plaintiff's complaints. (Tr. 22). Such a finding is with the province of the ALJ. *See Lawrence v. Chater* 107 F3d. 674, 677 (8th Cir. 1997). In this matter, the ALJ gave proper consideration to the testimony of Ms. Hammond.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **8th day of September, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE